NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO HUMBERTO DEL CID-GUERRA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-687<br><br>Agency No.<br>A205-296-980<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2024[**]
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and ORRICK, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Mario Humberto Del-Cid Guerra, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision to dismiss his appeal of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We review the cognizability of a particular social group ("PSG") de novo. *Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020) (citation omitted). "We review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), *as amended* (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

We uphold the BIA's determination that Del Cid-Guerra did not meet his burden to show that he would suffer future persecution "on account of" a protected ground for asylum or "because of" a protected ground for withholding of removal. *Id.* at 832 (citations omitted); *see also* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A) (asylum); 8 U.S.C. § 1231(b)(3)(A) (withholding of removal).

His first PSG, "a family with a car selling business who are well-known in

the community and are being targeted by gang violence," is not cognizable as a protected ground because selling cars is not an immutable characteristic that cannot be changed. *Cf. Plancarte Sauceda*, 23 F.4th at 833–34 (holding that being a nurse could be immutable because merely changing jobs would not change that petitioner "would still *be* a nurse" based on her training, licensure, and experience). The PSG is also not narrowly defined; nothing in the record shows that the group is cohesive, homogenous, or visible in society. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam) (noting these considerations may affect whether a PSG is cognizable (citation omitted)). And to the extent that the defining characteristic of the PSG is that its members are "targeted by gang violence," the fact of harm cannot be the sole basis for distinguishing a PSG. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080–81 (9th Cir. 2020).

For the second and third proposed PSGs—"Americanized deportee in Guatemala" and "American deportee in Guatemala who is the father of United States citizen children"—substantial evidence supports the BIA's determination that Del Cid-Guerra failed to show a nexus between membership in these groups and any harm. *See Rodriguez-Zuniga*, 69 F.4th at 1016 (citations omitted); *see also Garcia v. Wilkinson*, 988 F.3d 1136, 1146–47 (9th Cir. 2021) (explaining that a protected ground must be "one central reason" for persecution for asylum and "a reason" for persecution for withholding of removal). Del-Cid Guerra consistently

3                                                    23-687

testified to the IJ that the people who attacked his family in Guatemala wanted money, not that the violence was motivated by the victims being "Americanized." Though his declaration provided that his family members were attacked because of their connections to the United States, the IJ and BIA were not required to find this contradictory evidence was dispositive, particularly because Del Cid-Guerra failed to explain the inconsistency or provide any other factual support. For the same reasons, substantial evidence supports the BIA's rejection of his argument about facing harm because of an imputed American identity.

Given that the foregoing issues are dispositive of Del Cid-Guerra's asylum and withholding claims, we need not and do not reach the parties' arguments about timeliness and reasonable relocation.

Finally, because Del Cid-Guerra presented no evidence that he would be tortured in Guatemala or that the government would acquiesce to his torture, substantial evidence supports the BIA's determination that he is not entitled to protection under CAT. *See* 8 C.F.R. § 1208.16(c)(4); *Rodriguez-Zuniga*, 69 F.4th at 1023.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**